Filed 10/12/23  P. v. Moore CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAMARR MOORE,<br><br>    Defendant and Appellant. | B322489<br><br>(Los Angeles County<br> Super. Ct. No. MA078625) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed as modified.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Nicholas J. Webster, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant Lamarr Moore of attempted murder, three counts of assault, and other firearm-related offenses. Defendant asserts multiple sentencing errors on appeal. He contends the trial court erred in: (1) imposing the upper term on one of his firearm enhancements (Pen. Code, § 1170, subd. (b));[1] (2) failing to dismiss all but one firearm enhancement (§ 1385, subd. (c)(2)(B)); (3) miscalculating his presentence credits; and (4) imposing two assessments and a restitution fine without determining defendant's ability to pay.

We conclude that defendant forfeited any claim of error based on the trial court's imposition of the upper term as well as the court's failure to assess defendant's ability to pay. We further conclude the court was not required to dismiss all but one enhancement under section 1385, subdivision (c)(2)(B). We accept the Attorney General's concession that the presentence credits were miscalculated but reject defendant's assertion the court erred in applying all of his conduct credits to his 364-day county jail term in count 1. We therefore modify the judgment but otherwise affirm.

## PROCEDURAL BACKGROUND

We provide only the facts relevant to the issues raised on appeal.

In June 2022, a jury found defendant guilty of exhibiting a concealed firearm in public (§ 417, subd. (a)(2)(A), count 1), four counts of felon in possession of a firearm (§ 29800, subd. (a)(1), counts 2 and 7 through 9), attempted murder (§§ 664/187, subd. (a), count 3), three counts of assault with a firearm (§ 245, subd. (a)(2), counts 4 through 6), and unlawful

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

possession of ammunition (§ 30305, subd. (a)(1), count 10). As to counts 3 through 6, the jury found true the allegation that defendant personally used a firearm (§ 12022.5, subd. (a)). Prior to trial, defendant admitted he had a prior felony conviction for carrying a concealed firearm (§ 25400, subd. (a)(2)) for purposes of the felon in possession of a firearm charge.

At the sentencing hearing in July 2022, the trial court noted both parties had stipulated that the court could use the probation officer's report for purposes of sentencing. The court acknowledged the "newly amended Penal Code section 1170[, subdivision] (b)(2)," and explained that it was "now limited to imposing a sentence that does not exceed the middle term, except when circumstances in aggravation have been admitted by the defendant, proven to the jury or to the court." However, "the court can look at the defendant's criminal history."

The court then sentenced defendant to an aggregate term of 27 years and 4 months in state prison. As relevant here, the court designated count 3 (attempted murder) as the base term and sentenced defendant to the midterm of 7 years plus the upper term of 10 years for the firearm enhancement. The court explained that the upper term on the firearm enhancement was imposed based on its finding the following two factors in aggravation: "[t]he defendant has engaged in violent conduct that indicates a serious danger to society" (Cal. Rules of Court, rule 4.421(b)(1));[2] and "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness" (Cal. Rules of Court, rule 4.421(b)(2)).

---

[2] The trial court indicated it was relying on California Rules of Court, rules 4.421(b)(2), (b)(3). However, it is clear from the record (and to the parties) that the court intended to reference rules 4.421(b)(1) and (b)(2).

The court granted defendant 541 days of presentence credits, which included 470 days of actual credits and 71 days of conduct credit. The court then applied all 71 days of conduct credit and 293 days of actual credit to satisfy the 364-day sentence he was to serve in county jail in count 1. After the credit for time served, the court indicated "there will be a . . . total of 165 days of credit" remaining. The court imposed $400 in court operations assessments, $300 in conviction assessments, and a $500 restitution fine.

Defendant filed a timely notice of appeal.

## DISCUSSION

1. *Imposition of the Upper Term*

Defendant contends that we must vacate the sentence and remand the matter because he did not admit, and the jury did not find true beyond a reasonable doubt, the facts underlying the circumstances in aggravation that the trial court relied upon in imposing the upper term for the firearm enhancement in count 3. We agree with the Attorney General that the issue is forfeited.

A. *Senate Bill No. 567*

In late 2021, Senate Bill No. 567 was signed into law, amending the determinate sentencing scheme in section 1170, subdivision (b). Prior to the bill's passage, section 1170, subdivision (b), permitted sentencing courts to impose determinate sentences comprised of either the lower, middle, or upper terms. Sentencing courts had broad discretion to impose any of the three terms and could make factual findings regarding aggravating or mitigating circumstances as described in California Rules of Court, rules 4.421 and 4.423.

4

On January 1, 2022, under the newly amended law, the middle term was deemed the presumptive term of imprisonment. (§ 1170, subd. (b)(1).) Following the enactment of Senate Bill No. 567, sentencing courts may only impose the upper term sentence where there are circumstances in aggravation that justify imposition of a term of imprisonment exceeding the middle term, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or are found true beyond a reasonable doubt by a jury or a trial court. (§ 1170, subds. (b)(1), (2).) As an exception to the general rule, a trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).)

B. *Forfeiture*

"[T]he right to challenge a criminal sentence on appeal is not unrestricted. In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have required parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim." (*People v. Scott* (1994) 9 Cal.4th 331, 351, italics omitted.) The forfeiture doctrine applies to "claims involving the trial court's failure to properly make . . . its discretionary sentencing choices." (*Id*. at p. 353; accord, *People v. Scott* (2015) 61 Cal.4th 363, 406.) For the forfeiture doctrine to apply, the trial court must give the parties a meaningful opportunity to object or seek clarification of potential errors in a sentence. (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

Here, defendant was sentenced in July 2022 after Senate Bill No. 567's effective date. (Stats. 2021, ch. 731, eff. Jan. 1. 2022.) At sentencing, the

5

parties and the trial court were aware of the newly amended section 1170. Defendant did not object to the court's reliance on two aggravating factors (Cal. Rules of Court, rule 4.421(b)(1), (2)) to impose the upper term.

In a footnote, defendant resists this conclusion by contending the issue is preserved for appellate review because his substantial rights are at stake, citing section 1259. In *In re Seaton* (2004) 34 Cal.4th 193, 198, our Supreme Court held: "Penal Code section 1259, provides: 'Upon an appeal taken by the defendant, the appellate court may . . . review any question of law involved in any ruling, order, instruction, or thing whatsoever said or done at the trial or prior to or after judgment, which thing was said or done *after objection made in and considered by the lower court*, and which affected the substantial rights of the defendant.' (Italics added.) Thus, as a general rule, 'the failure to object to errors committed at trial relieves the reviewing court of the obligation to consider those errors on appeal.' [Citations.] This applies to claims based on statutory violations, as well as claims based on violations of fundamental constitutional rights. [Citations.]" (*Id.* at pp. 197–198.) Accordingly, defendant's contention is forfeited on appeal.

2. *Section 1385, subdivision (c)(2)(B)*

In 2021, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), amending section 1385 to set forth factors that the trial court must consider when determining whether to exercise its discretion to strike enhancements from a sentence in the interest of justice. (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Defendant contends that the newly added subdivision (c)(2)(B) of section 1385 mandates dismissal of all but one of his firearm enhancements.

6

Section 1385, subdivision (c), now provides in relevant part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The mitigating circumstance relevant here provides, "Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).)

Defendant argues use of the word "shall" in section 1385, subdivision (c)(2)(B), required the trial court to dismiss all but one of his firearm enhancements, and the court erred in failing to do so. California courts have consistently rejected this same argument in interpreting the "'shall be dismissed'" language of subdivision (c)(2)(B) and the similarly worded subdivision (c)(2)(C)[3] of amended section 1385. (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294–297 [rejecting appellant's assertion that under subd. (c)(2)(C), dismissal is required where an enhancement would result in a prison sentence of over 20 years]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 239–241 (*Anderson*) [concluding the use of the word "shall" in subd. (c)(2)(B) and (C) is permissive, not mandatory], review granted Apr. 19, 2023,

---

[3] Subdivision (c)(2)(C) of section 1385 states: "The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement *shall be dismissed*." (Italics added.)

7

S278786; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–21 [rejecting appellant's contention the court was required to strike an enhancement under subd. (c)(2)(C)]; *People v. Walker* (2022) 86 Cal.App.5th 386, 396–398 (*Walker*) [explaining that if the court were to interpret subd. (c)(2)(B) and (C) as mandatory, then the existence of the mitigating factors therein "would not 'weigh greatly' in favor of dismissal—it would weigh *dispositively*"], review granted Mar. 22, 2023, S278309.)[4]

We agree with our colleagues and adopt the reasoning in these cases. Therefore, we reject defendant's assertion that the trial court was required to dismiss all but one firearm enhancement under subdivision (c)(2)(B) of section 1385. The dismissal of an enhancement where "[m]ultiple enhancements are alleged in a single case" (§ 1385, subd. (c)(2)(B)) is not required if "dismissal of the enhancement would endanger public safety" (*Id.* subd. (c)(2)).

3. *Presentence Credit*

The trial court awarded 541 days of presentence credits, which consisted of 470 days of actual credit plus 71 days of conduct credit. Defendant contends, and the Attorney General agrees, this award of presentence credits miscalculates the actual credit he should have received for the days he spent in custody. (§ 2900.5, subd. (a).) Based on the record,

---

[4] In *Walker,* the Supreme Court granted review on a different issue: "Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" The petition for review in *Anderson* was subsequently granted, and the matter was deferred pending consideration and disposition of the issue presented in *Walker.*

we agree with the parties that defendant was entitled to 472 days of actual credit. He served two periods in custody from March 24, 2020 to March 25, 2020, and then from April 6, 2021 to July 19, 2022, the date of the sentencing hearing. Likewise, the conduct credits must be adjusted to reflect 15 percent of the modified actual credits. (§ 2933.1, subd. (c).) Thus, defendant was entitled to 70 days of conduct credit. (See *People v. Ramos* (1996) 50 Cal.App.4th 810, 816–817 [determining that in applying the 15 percent credit, the court should round the credit to the nearest whole number that does not exceed 15 percent].)

Defendant does not dispute the trial court properly applied 364 presentence credits to the 364-day sentence in county jail in count 1. After applying these presentence credits to count 1, the parties agree defendant has 178 presentencing credits remaining (not 165 as indicated by the court). However, defendant disagrees with the ratio of actual credits and conduct credits used for his 364-day sentence. It appears from the abstract of judgement that the trial court applied all of defendant's conduct credits and then satisfied the remainder of the 364 days with actual credits. Citing section 2933.1, defendant argues that the court should have applied defendant's presentence credits to count 1 at a ratio of 75 percent actual credits and 15 percent conduct credits. We disagree.

Section 2933.1 provides, in pertinent part, "any person who is convicted of a [violent] felony offense . . . shall *accrue* no more than 15 percent of worktime credit." (§ 2933.1, subd. (a), italics added.) This subdivision dictates how conduct credits are accrued, not how such credits are applied to a sentence. Defendant cites no authority to the contrary. Moreover, defendant readily admits in reply and at oral argument that the court's

9

allocation of the presentence credits has not prejudiced him in any way. (See Cal. Const., art. VI, § 13.)

Therefore, we modify the judgment to reflect 178 days of presentence credit remaining, which consists of only actual credits.

4. *Assessments and Restitution Fine*

At sentencing, the trial court ordered defendant to pay $400 in court operations assessments, $300 in conviction assessments, and a $500 restitution fine. Defense counsel did not object to the imposition of these sums or request a hearing on defendant's ability to pay them, and the court did not inquire into or make a finding on defendant's ability to pay these assessments and fines.

Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), decided several years before his sentencing hearing, defendant argues that the trial court violated his right to due process by imposing these financial obligations without first finding he had the ability to pay them. In *Dueñas*, the court held that "due process of law requires the trial court to conduct an inability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.) It also held that "although Penal Code section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an

10

ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*)[5]

The absence of a timely objection on ability to pay grounds forfeits defendant's challenge to the restitution fine and assessments. (*People v. Flowers* (2022) 81 Cal.App.5th 680, 687, review granted on other grounds on Oct. 12, 2022, S276237; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154; *People v. Greeley* (2021) 70 Cal.App.5th 609, 624.) *Dueñas* was decided nearly three years before defendant's sentencing hearing in July 2022. Defendant was thus on notice for over two years of the decision in *Dueñas* and, therefore, his challenge to the assessments and restitution fine is forfeited.

To avoid forfeiture, defendant contends the trial court failed to exercise its discretion by holding a hearing. However, the defendant bears the burden of raising this issue in the first instance. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) Defendant then contends the failure to assess his ability to pay means that the resulting imposition of assessments and restitution fine constitutes an "unauthorized sentence" that can be attacked at any time. We disagree. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1085 [imposition of fines and assessments without an ability-to-pay finding is not an "unauthorized sentence"]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [same].) Moreover, defendant's attempt to frame this issue as a constitutional one does not preserve it for appeal. (*People v. McCullough*

---

[5]     Our Supreme Court is poised to resolve a split in authority regarding whether *Dueñas* was correctly decided, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, on the following issues: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?"

11

(2013) 56 Cal.4th 589, 592–593 [forfeiture principles apply to constitutional claims]; see also *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881 [""'[n]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it"'"].)

Defendant's ineffective assistance of counsel claim is equally unavailing. The record is silent as to counsel's reasons, if any, for failing to object. If ""'the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.'" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266; *People v. Caro* (2019) 7 Cal.5th 463, 488.) Because the record does not affirmatively exclude a rational basis for counsel's omission, defendant fails to establish ineffective assistance of counsel. (See *People v. Mickel* (2016) 2 Cal.5th 181, 198.)

In support of his alleged inability to pay, defendant points out he was indigent and appointed counsel at trial and on appeal. However, the fact that a defendant is represented by appointed counsel does not automatically establish his inability to pay fines or assessments. (See e.g., *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397 [noting defendant may lack the ability to pay the costs of court-appointed counsel yet have the ability to pay a restitution fine]; see also *People v. Vournazos* (1988) 198 Cal.App.3d 948, 958 [record supported finding of defendant's ability to pay $2,180 in restitution despite being indigent enough to qualify for court-appointed counsel and inability to post bail].)

## DISPOSITION

The judgment is modified to reflect that defendant has 178 days of presentence credit, and specifically 178 days of actual credit. As modified, the judgment is affirmed. The superior court clerk is directed to prepare a minute order and amended abstract of judgment to reflect the modification and to forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.          MORI, J.

13